O

1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    )  Case No. SA CR 13-00166 DDP
                                 )
12                  Plaintiff,   )  **ORDER DENYING MOTION TO DISMISS**
                                 )
13      v.                       )  [DKT No. 15]
                                 )
14                               )
    GERALD W. McCOMBER           )
15                               )
                                 )
16                  Defendant.   )
    _____)
17

18      Presently before the court is Defendant Garald W. McComber's

19  Rule 12(b)(3) motion to dismiss a single count indictment charging

20  him with forgery of a judge's signature, in violation of 18 U.S.C.

21  § 505. The motion is suitable for adjudication without oral

22  argument. Having considered the parties' submissions, the court now

23  adopts the following order.

24

25  **I.   Background**

26      The parties agree upon the following:

27      In approximately February 2013, Gerald McComber applied for a

28  position as an insurance agent with One America Services ("One

America"). McComber met and interviewed with Mark Anderson of One America and was offered a position, pending McComber's passing of a background check.

As part of the company's background check, One America obtained a credit report, which disclosed a tax lien against McComber. At the direction of the company's compliance office, Anderson questioned McComber about the lien.  McComber informed Anderson that the tax lien had been taken care of and that evidence of the resolution would be forthcoming.

Subsequently, Anderson received a letter via fax dated October 3, 2012, addressed to Gerald W. McComber, and ostensibly signed by "Alice Marie Stotler, [sic] U.S. District Judge."  The letter states that "Tax Lien #0508725R has been released from your name, and the amounts in question have been satisfied completely." (Mot. Ex. C.) It further states that "[t]here are no outstanding fees or penalties due, and your record has been cleared of any restrictions or liens." (Id.)

Apparently suspicious of the letter's authenticity, a One America official contacted the district court to determine its origins. It appears Judge Stotler then referred the matter to the FBI, which initiated an investigation, leading to the instant prosecution. On December 4, 2013, a Grand Jury returned a one-count indictment against McComber for forgery of a judge's signature, in violation of 18 U.S.C. § 505. (DKT No. 1.) The indictment states as follows:

> On or about March 3, 2013, in Orange County, within the
> Central District of California, and elsewhere, defendant
> GERALD W. McCOMBER knowingly forged the signature of a judge

of the United States, and knowingly concurred in the use of
such forced signature, namely, the signature of United States
District Judge Alicemarie H. Stotler, on a document, for the
purpose of authenticating a document, namely a document
purporting to release defendant McCOMBER from Federal Tax Lien
#0508725R.

(Id.)

On December 6, 2013, McComber filed the instant motion to
dismiss the indictment, asserting that the indictment is invalid
because it does not explicitly state that McComber acted with
intent to defraud and therefore fails to state an essential element
of the offense. (See Mot. at 5.)

## II.  Legal Standard

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), a
defendant may bring a motion challenging the sufficiency of the
indictment. Fed. R. Crim. P. 12(b)(3)(B).

An indictment "must be a plain, concise, and definite written
statement of the essential facts constituting the offense charged."
Fed.R.Crim.P. 7(c)(1). An indictment is sufficiently pled if it
"contains the elements of the offense charged and fairly informs a
defendant of the charge against which he must defend...." United
States v. Lazarenko, 546 F.3d 593, 599 (9th Cir. 2008). An
indictment's failure to "recite an essential element of the charged
offense is not a minor or technical flaw ... but a fatal flaw
requiring dismissal of the indictment. United States v. Du Bo, 186
F.3d 1177, 1179 (9th Cir. 1999).

3

**III. Discussion**

To resolve the instant motion, the court must determine whether the 18 U.S.C. § 505 entails an intent to defraud and thus whether the government's indictment of McComber under § 505 must, to be valid, state that McComber acted with an intent to defraud. The court concludes that there is no such requirement.

Title 18 U.S.C. § 505 states:

> Whoever forges the signature of any judge, register, or other officer of any court of the United States, or of any Territory thereof, or forges or counterfeits the seal of any such court, or knowingly concurs in using any such forged or counterfeit signature or seal, for the purpose of authenticating any proceeding or document, or tenders in evidence any such proceeding or document with a false or counterfeit signature of any such judge, register, or other officer, or a false or counterfeit seal of the court, subscribed or attached thereto, knowing such signature or seal to be false or counterfeit, shall be fined under this title or imprisoned not more than five years, or both.

Id.

McComber acknowledges that § 505 does not state that a defendant must act with intent to defraud. (Mot. at 5.) He also acknowledges that the Ninth Circuit has not issued any opinion reading this element into the statute. (Id.) He nevertheless contends that this court should dismiss the indictment because it does not state that McComber acted with an intent to defraud. The court is unpersuaded.

1    A review of decisions from other circuits finds that the
2 weight of reasoned authority is against reading an intent-to-
3 defraud requirement into the statute. As McComber acknowledges,
4 both the Tenth and the Second Circuits have held that intend to
5 defraud is not an element of § 505.  See United States v. Reich,
6 479 F.3d 179, 187-89 (2nd Cir. 2007); United States v. Cowan, 116
7 F.3d 1360 (10th Cir. 1997). The court finds the rationale of these
8 cases convincing.

9    In Reich, in a decision authored by then Judge Sotomayor, the
10 Second Circuit considered whether a jury should have been
11 instructed to find an intent to defraud under 18 U.S.C. § 505 where
12 the defendant had allegedly forged the signature of a United States
13 magistrate on a document purporting to be a judicial order. Reich,
14 479 F.3d at 187. There, the defendant argued, as McComber does
15 here, that the court should construe the term "forgery" in light of
16 its common-law meaning, which required an intent to defraud. See
17 id. at 187-188; Mot. at 6. However, the court rejected this
18 argument in light of the cannon that courts should not assign a
19 common-law meaning to a statutory term "when that meaning is ...
20 inconsistent with the statute's purpose." Id. at 188, citing Taylor
21 v. United States, 495 U.S. 575, 594-95 (1990). The Court explained
22 that, historically the term "to defraud" referred to use of a
23 dishonest scheme or method to deprive another of something of
24 value. Id., citing McNally v. United States, 483 U.S. 350, 358
25 (1987). However, in the case of § 505, it found that the clear
26 intent of Congress was not protecting private parties from
27 financial loss, but rather "protecting the integrity of a
28 government function—namely, federal judicial proceedings." Id. The

1   Court concluded: "When an individual forges a judge's signature in
2   order to pass off a false document as an authentic one issued by
3   the courts of the United States, such conduct implicates the
4   interests protected by § 505 whether or not the actor intends to
5   deprive another of money or property." Id.

6       In support of this conclusion, the Court surveyed the
7   counterfeiting and forgery provisions of Title 18, Chapter 25, in
8   which § 505 appears. Id. at 188-89. The Court noted that, of the
9   provisions in Chapter 25 designating criminal acts involving or
10  akin to forgery, nearly all of which were passed together with §
11  505 in 1948, some very clearly require an intent to defraud while
12  others do not. Id. This variation, the Court concluded, suggested
13  that Congress deliberately chose to require an intent to defraud
14  for some forgery and counterfeiting crimes, but not for others. Id.
15  at 188. Moreover, the Court observed that provisions requiring an
16  intent to defraud tended to "criminalize forgeries and counterfeits
17  likely to be used to defraud private citizens out of their money or
18  property," while those lacking an intent to defraud tended to
19  "criminalize[] activities likely to impugn the reputation or
20  integrity of the federal government regardless of whether the
21  perpetrator intended to defraud private citizens." Id. at 189. The
22  Court found that this pattern further supported the conclusion that
23  Congress did not intend to include an intent-to-defraud element in
24  § 505.

25      Similarly, in Cohen, the Tenth Circuit considered "whether the
26  intent to defraud is an element of the crime of forging the
27  signature of a federal judge in violation of 18 U.S.C. § 505.
28  Section 505." Cohen, 116 F.3d at 1361. It held that "intent to

defraud is not an element of the crime." <u>Id.</u> The Court began by
noting that "nowhere does 8 U.S.C. § 505 say the crime of forging a
federal judge's signature requires an intent to defraud. Nothing in
the text of the statute even suggests that Congress intended to
include the intent to defraud as an element of the crime." <u>Id.</u> at
1361-62. As in <u>Reich</u>, the court then considered the defendant's
argument that the term "to defraud" should be construed in light of
its established common-law meaning. <u>Id.</u> at 1362. Like <u>Reich</u>, it
concluded, however, that reading an intent to defraud into § 505
would be at odds with the purpose of the statute, explaining:

> The purpose of § 505 is to protect the reputation and
> integrity of the federal courts, their official documents and
> proceedings, rather than simply to outlaw a narrow category of
> fraud. The statute applies whenever someone attempts to impugn
> this integrity by forging a federal judge's signature onto a
> document in order to make that document appear authentic. A
> forged signature on a document which the forger intends to
> appear authentic is the only intent requirement of § 505.3 Our
> construction of § 505 is true to both its text and purpose.

<u>Id.</u> at 1363. Finally, as in <u>Reich</u>, the court concluded, given that
Congress included an "intent to defraud" in other statutes
criminalizing forgeries and counterfeiting, "that if Congress had
intended to make the intent to defraud an element of the crime of
forging a federal judge's signature under 18 U.S.C. § 505, it would
have done so expressly." <u>Id.</u>

In support of its contention that this court should read an
intent to defraud into the statute, McComber cites <u>Levinson v.</u>
<u>United States</u>, 47 F.2d 470, 471 (6th Cir. 1931); <u>United States v.</u>

Bertrand, 596 F. 2d 150 (6th Cir. 1978); United States v. London, 714 F.2d 1558 (11th Cir. 1983); and United States v. Dyer, 456 F.2d 1313 (7th Cir. 1976). However, these cases offer only minimal support for McComber's position.

Levinson, decided in 1931, pre-dated Congress's enacting of § 505 in 1948. It also pre-dated Congress' enactment, the same year, of numerous other provisions of Chapter 25, an analysis of which were a key basis for the Second and Tenth Circuit's conclusions, respectively, in Reich and Cohen, on this matter, as discussed above. The Levinson court thus did not have before it critical evidence underlying those decisions. Moreover, the court finds Levinson's rationale unconvincing. The Levinson court noted that "[t]he word 'forged' in the statute under which this conviction was had must be given some meaning" and concluded that this meaning must, necessarily, be found in the common-law definition of the crime of forgery. Levinson, 47 F.2d at 471 ("We are of the opinion that Congress, regardless of its intent, by the use of the verb 'forge,' limited the application of the statute, in so far as cases of intended authentication are concerned, to those in which the elements of common-law forgery enter.") This court finds more convincing the Second and Tenth Circuit's rationale that use of the term "forge" in the case of § 505 should not trigger a common-law meaning because the common-law meaning is at odds with the apparent purpose of the statute. See Reich, 479 F.3d at 188 (2nd Cir. 2007); United States v. Cowan, 116 F.3d 1362.

The additional authorities cited by McComber--Berltrand, London, Dyer--do not help him. First, the Berltrand court read an intent to defraud into the statute only because it felt compelled

to do so under principles of *stare decisis* in light of <u>Levinson</u>.
<u>See</u> <u>Berltrand</u>, 596 F. 2d at 152. Apart from quoting <u>Levinson</u>, a
case whose rationale the court finds unconvincing, <u>Berltrand</u>
provides no analysis on the matter at issue. <u>Id.</u>

   Second, the Eleventh Circuit held in <u>London</u> that the common-
law definition of forgery should be used to construe "to forge" in
§ 505, but as the government points out, the question of whether an
intent to defraud should be read into the statute was not before
the Court, which was considering whether the passing off of a
photocopy of a judge's signature as the original should be
considered fraud. <u>London</u>, 714 F.2d at 1563. Reliance on the common-
law meaning in <u>London</u> is premised on the notion that the purpose of
§ 505 cannot be readily divined. <u>Id.</u> This court disagrees, finding
that the tools of statutory interpretation used in <u>Reich</u> and <u>Cohen</u>
yield a sufficient understanding of the statute's purpose to decide
the instant matter. Moreover, the decision in <u>London</u> rested heavily
on the U.S. Supreme Court's decision in <u>Benson v. McMahon</u>, 127 U.S.
457 (1888), where, in the context of a case not involving § 505,
the Court drew upon the common-law definition of forgery in
deciding whether the printing of one's name on theater tickets
without authorization constituted forgery. The heavy reliance on
<u>Benson</u> minimizes the usefulness of <u>London</u> in resolving the matter
here in light of the convincing distinction drawn by Judge
Sotomayor in <u>Reich</u> between laws concerned with protecting private
parties from financial loss (as in <u>Benson</u>) and those seeking to
protect the integrity of a government function (as with § 505). <u>See</u>
<u>Reich</u>, 479 F.3d at 188.

1    Third, <u>Dyer</u> provides only a passing reference to the matter at
2  hand. The case notes only that "much could be said" of the view
3  that proof of the offense designated by § 505 requires evidence of
4  the signer's intent to defraud. <u>See</u> <u>Dyer</u>, 546 F.2d at 1316. Apart
5  from being dicta, <u>Dyer</u> offers little support to McComber because
6  the court provided no explanation of what arguments in support of
7  this view it found convincing.

8    In sum, having considered the parties' submissions and the
9  opinions of other circuits, this court finds the reasoning of the
10 Second and Tenth Circuits most convincing and adopts their
11 rationale, as set forth in <u>Reich</u> and <u>Cohen</u>, on this matter.
12 Accordingly, the court will not read into § 505 the element of an
13 intent to defraud.

14   Because McComber's motion to dismiss is premised on § 505
15 including such a requirement, the court denies the motion to
16 dismiss.

17

18 **IV.  Conclusion**

19   For the reasons set forth herein, the court DENIES Defendant
20 McComber's motion to dismiss the indictment in this case.

21

22 IT IS SO ORDERED.

23

24

25 Dated: January 9, 2014

26                                         DEAN D. PREGERSON
                                           United States District Judge
27

28